Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XI

| | | |
|---|---|---|
| CONSEJO DE TITULARES DEL CONDOMINIO SUCHVILLE PARK<br><br>Peticionaria<br><br>v.<br><br>SUZANNE VICTORIA RIBAS CASTRO<br><br>Recurrida | TA2025CE00422 | *Certiorari*<br>Procedente del Tribunal de Primera Instancia, Sala de GUAYNABO<br><br>Caso Núm.:<br>GB2021CV00691<br><br>Sobre:<br>Cobro de Dinero Ordinario |

Panel integrado por su presidenta la Jueza Rivera Marchand, la Jueza Mateu Meléndez, la Jueza Boria Vizcarrondo y el Juez Robles Adorno.

Mateu Meléndez, Jueza ponente.

## **RESOLUCIÓN**

En San Juan, Puerto Rico, a 3 de octubre de 2025.

Comparece ante nos el Consejo de Titulares del Condominio Suchville Park (Consejo de Titulares o peticionaria) mediante el presente recurso de *certiorari* y nos invita a intervenir con la *Resolución* emitida y notificada el 7 y 8 de agosto de 2025, respectivamente, por el Tribunal de Primera Instancia, Sala Superior de Guaynabo (TPI).[1] A través del dictamen recurrido, el TPI denegó la solicitud del Consejo de Titulares para que ordenara la venta en pública subasta de un apartamento en el Condominio Suchville Park, en Guaynabo, Puerto Rico.

Por los fundamentos expuestos a continuación, denegamos expedir el auto de *certiorari* solicitado.

-I-

El presente caso tiene su génesis el 27 de septiembre de 2021, cuando la peticionaria incoó una *Demanda* de cobro de dinero en contra de la señora Suzanne Victoria Ribas Castro (señora Ribas Castro o recurrida). En

---

[1] SUMAC TPI, Entrada Núm. 21.

síntesis, adujo que la señora Ribas Castro era la propietaria del apartamento número M-102 en el Condominio Suchville Park y que adeudaba la suma de $15,071.46, por concepto de cuotas de mantenimiento, derramas y seguros vencidos, computada hasta agosto de 2021. Afirmó que la deuda se encontraba líquida, vencida y exigible, así como que la recurrida se había negado a satisfacerla. En adición, planteó la posibilidad de solicitar un embargo preventivo en aseguramiento de la sentencia contra la propiedad de la señora Ribas Castro. Consecuentemente, solicitó al foro primario que condenara a la recurrida al pago de la deuda aducida.

El 13 de diciembre de 2021, la peticionaria instó una *Moción Sometiendo Emplazamiento Diligenciado* en la que expuso se diligenció el emplazamiento mediante entrega personal a la señora Ribas Castro, el 17 de noviembre de 2024.[2]

El 24 de marzo de 2022, el Consejo de Titulares presentó una *Moción Solicitando Anotación de Rebeldía y Señalamiento de Vista en Rebeldía* a través de la cual adujo que procedía la anotación de rebeldía en contra de la recurrida, toda vez que no había comparecido a pesar de haber sido emplazada.[3]

Así pues, el 9 de mayo de 2022, el foro *a quo* emitió y notificó una *Orden* en la que le requirió a la peticionaria que presentara una declaración jurada mediante la cual acreditara la deuda, así como un proyecto de sentencia.[4]

Ante ello, el 23 de mayo de 2022, el Consejo de Titulares presentó una *Moción en Cumplimiento de Orden y Sometiendo Proyecto de Sentencia* y acreditó bajo juramento que la suma adeudada por la recurrida ascendía a $17,913.40, computada hasta mayo de 2022.[5] En adición, adjuntó un

---

[2] SUMAC TPI, Entrada Núm. 4.
[3] *Íd.*, Entrada Núm. 6.
[4] *Íd.*, Entrada Núm. 7.
[5] *Íd.*, Entrada Núm. 8.

proyecto de sentencia, además de un estado de balance sobre cuentas por cobrar correspondientes a la señora Ribas Castro.

El 28 y 29 de junio de 2022, el TPI emitió y notificó, respectivamente, una *Sentencia* mediante la cual condenó a la recurrida al pago de la suma de $17,913.40 a favor del Consejo de Titulares.[6] Asimismo, ordenó el pago de intereses legales al 4.25 por ciento anual, computados desde la notificación del dictamen hasta la satisfacción total de la deuda.

El 7 de octubre de 2022, la peticionaria presentó una *Moci[ó]n Solicitando Orden de Anotaci[ó]n de Sentencia en el Registro de la Propiedad*.[7] En específico, solicitó un dictamen para que se anotara un embargo en la finca correspondiente al apartamento de la señora Ribas Castro en el Registro de la Propiedad, para que respondiera del pago al cual se le condenó. En adición a los proyectos de orden y mandamiento, anejó a su solicitud una Certificación Registral sobre el referido inmueble expedido por la Registradora de la Propiedad, el 6 de octubre de 2022.

Conforme dicho documento, figura inscrita en el Registro de la Propiedad una designación de hogar seguro a favor de la recurrida sobre su apartamento, constituida mediante escritura pública, al amparo de la Ley Núm. 195 de 13 de septiembre de 2011, según enmendada, mejor conocida como la *Ley del Derecho a la Protección del Hogar Principal y el Hogar Familiar*, 31 LPRA sec. 1858 nota *et seq* (Ley de Hogar Seguro).

Tras varios incidentes procesales, el 31 de enero de 2024, el TPI emitió una *Orden*, notificada el 2 de febrero del mismo año, en la que declaró *con lugar* la solicitud de la peticionaria.[8] A esos fines, el 5 de febrero de 2024, se expidió y notificó un *Mandamiento de Embargo*.[9]

---

[6] SUMAC TPI, Entrada Núm. 9.
[7] *Íd.*, Entrada Núm. 10.
[8] *Íd.*, Entrada Núm. 16.
[9] *Íd.*, Entrada Núm. 17.

El 28 de agosto de 2024, el Consejo de Titulares presentó una *Moci[ó]n Solicitando Orden de Ejecución de Sentencia Mediante Venta en Pública Subasta*.[10] Específicamente, solicitó que se ordenara la ejecución de la sentencia mediante la venta en pública subasta del apartamento M-101, propiedad de la señora Ribas Castro, en el Condominio Suchville Park.

Ante tal petitorio, el 30 de agosto de 2024, el TPI emitió y notificó una *Orden* en la que concedió veinte (20) días a la peticionaria para que expusiera los fundamentos legales por los cuales procedía su solicitud.[11]

El 11 de junio de 2025, el Consejo de Titulares presentó una *Moción en torno a Solicitud de Ejecución de Sentencia y Cumplimiento con Orden*.[12] En síntesis, se excusó por el incumplimiento de lo ordenado dentro del término concedido para ello y adujo que asumía que la razón por la cual el TPI emitió la orden se debía a la designación del apartamento de la recurrida como hogar seguro, según consta en el Registro de la Propiedad. Sobre ello, arguyó que el Artículo 60 de la Ley Núm. 129 de 16 de agosto de 2020, según enmendada, mejor conocida como la *Ley de Condominios de Puerto Rico*, 31 LPRA sec. 1923e (Ley de Condominios), establece que la obligación de los titulares de un apartamento sobre los gastos comunes en el régimen de propiedad horizontal constituye un gravamen sobre el inmueble.

En base a ello, expuso que la protección de hogar seguro no es de aplicabilidad ni sirve como escudo del cobro de dichos gastos pues, de lo contrario, el recaudo de las aportaciones a las cuales los titulares están obligados estaría en riesgo. Asimismo, reiteró que la única forma de ejecutar y cobrar la sentencia dictada era haciendo valer la política pública de la Ley de Condominios y ordenando la venta en pública subasta del apartamento de la recurrida.

---

[10] SUMAC TPI, Entrada Núm. 18.
[11] *Íd.*, Entrada Núm. 19.
[12] *Íd.*, Entrada Núm. 20.

Evaluada la postura de la peticionaria, el 7 y el 8 de agosto de 2025, el foro *a quo* emitió y notificó, respectivamente, una *Resolución*.[13]

En su dictamen, hizo las siguientes determinaciones de hechos:

1. El 26 de agosto de 2024, la Registradora de la Propiedad María D. Ríos Díaz, emitió una *Certificación de Propiedad Inmueble* Sección I de Bayamón Sur, Turno de Certificación Núm. 2024-027088-CERT de la Finca Núm. 64,696 (Certificación Registral de la Finca Núm. 64,696).

2. La *Certificación Registral Núm. 64,696*, que su titular es la Sra. Suzanne Victoria Ribas Castro, soltera, mayor de edad, propietaria y vecina de Bayamón, quien adquiere por Compraventa, con valor de $105,000.00, según Escritura Pública Número 863, otorgada en San Juan, a 15 de agosto de 2012, ante la Notaria Pública Dianne M. Pérez Sebastián, inscrita en sistema Karibe, según inscripción 7ma.

3. La *Certificación Registral de la Finca Núm. 64,696*, establece que su descripción registral es la siguiente:

   Número de Catastro: ---. Propiedad Horizontal; Apartamento: M-102. CONDOMINIO SUCHVILLE PARK de Bayamón Sur. Cabida: 98.7 Metros Cuadrados. Linderos: Norte, en 48 pies 11 pulgadas y 2 alineaciones, con pared medianera que lo separa del apartamento "L-101" y con área exterior común de uso limitado. Sur, en 48 pies 11 pulgadas y 5 alineaciones, con área exterior común, área del pasillo del edificio y pared medianera que lo separa del apartamento "M-101". Este, en 28 pies 5-1/2 pulgadas y 2 alineaciones, con área exterior común de uso limitado, Oeste, en 28 pies 5-1/2 pulgadas y 5 alineaciones con área de pasillo del edificio y área exterior común. Este apartamento goza del uso exclusivo de un patio que es elemento común limitado el cual está delimitado por verjas según surge de los planos de la propiedad. Consta de balcón, sala-comedor, cocina, laundry, 2 baños y 3 dormitorios. La puerta de entrada de este apartamento está situada en su lindero Sur. Le corresponde 2 estacionamientos identificados con el mismo número y letra de apartamento. Este apartamento tiene una participación de 1.1902361 % en los elementos comunes del condominio.

4. La *Certificación Registral de la Finca Núm. 64,696*, establece que se encuentran inscritas las siguientes cargas y gravámenes en el Tomo Móvil Karibe del Registro de la Propiedad, Sección I de Bayamón Sur. Veamos:

   **Servidumbre**: Afecta por su procedencia a servidumbres y Condiciones Restrictivas, según Inscripcion 1ra.

   **Hipoteca**: Afecta por sí a hipoteca en garantía de pagaré a favor de RG Mortgage Corporation, por la suma principal de $101,289.00, intereses al 6 1/8 % anual, vencedero el 1ro de febrero del 2029, tasada en $101,289.00, constituida mediante la Escritura Número 33, otorgada en San Juan el 21 de enero de 1999 ante el Notario Público Fenex Torres Torres, inscrito al Folio 46 del Tomo 1457 de Bayamón Sur, según Inscripción 5ta.

---

[13] SUMAC TPI, Entrada Núm. 21.

> **Designación de Hogar Seguro**: Designación de Hogar Seguro **a favor de Suzanne Victoria Ribas Castro**, Ley 195 del 13 de septiembre de 2011, en virtud de la Escritura Pública Número 863, otorgada en San Juan a 15 de agosto de 2012, ante la Notaria Pública Dianne M. Pérez Sebastián, inscrito en Sistema Karibe, inscripción 7ma.
>
> **Anotación de Embargo** (Judicial, Ley 209): Afecta por sí a Anotación de Embargo a favor de Consejo de Titulares del Condominio Suchville Park, por la suma de $17,913.40, en virtud de Mandamiento en el caso civil número GB2021CV00691 sobre Embargo ante el Tribunal de Primera Instancia[,] Sala Superior de Guaynabo[,] Consejo de Titulares del Condominio Suchville Park[,] demandante v.s. Suzanne Victoria Ribas Castro[,] demandada[,] a 5 de febrero de 2024, anotado en sistema Karibe, según anotación letra "A".[14]

Además, el foro primario resaltó que la escritura pública sobre de hogar seguro fue inscrita mucho antes de que se presentara la causa de acción del presente caso y que dicha protección es aplicable a las residencias constituidas bajo el régimen de propiedad horizontal, de conformidad con el Artículo 3 de la Ley de Hogar Seguro, 31 LPRA sec. 1858.

De igual forma, señaló que el referido estatuto enumera específica y taxativamente las excepciones a la protección de hogar seguro e indicó que las deudas de cuotas de mantenimiento, seguro y derramas no forman parte de las referidas excepciones. Finalmente, rechazó que la venta judicial del apartamento constituyera la única forma disponible que tiene el Consejo de Titulares peticionaria para cobrar la sentencia emitida a su favor.[15] Consecuentemente, declaró *no ha lugar* la solicitud de la peticionaria de ejecutar la sentencia y ordenar la venta en pública subasta del inmueble.

Inconforme, el 8 de septiembre de 2025, el Consejo de Titulares compareció ante nos mediante una *Petición de Certiorari* y señala al TPI por la comisión del siguiente error:[16]

> a. *Erró el Honorable Tribunal de Primera Instancia al no permitir la ejecución de la Sentencia y Venta en Pública Subasta del apartamento de la parte demandada-recurrida para responder por la cuantiosa deuda de gastos comunes que este mantiene con el Consejo de Titulares del Condominio Suchville Park, estableciendo prioridad de la figura de Hogar Seguro sobre las obligaciones del pago establecidos en la Ley de Condominios.*

---

[14] SUMAC TPI, Entrada Núm. 21, a las págs. 3-4 (negrillas e itálicas en el original).
[15] SUMAC TPI, Entrada Núm. 21 páginas 8 y 9.
[16] SUMAC TA, Entrada Núm. 1.

El 10 de septiembre de 2025, emitimos y notificamos una *Resolución* en la que le ordenamos a la señora Ribas Castro a exponer su alegato dentro del término dispuesto en el Reglamento del Tribunal de Apelaciones, *In re Aprob. Enmdas.* Reglamento TA, 2025 TSPR 42, 215 DPR ___ (2025).[17]

Sin embargo, a pesar de habérsele apercibido del término que tenía para acreditar su cumplimiento, esta no acreditó escrito alguno, por lo que, según advertido, procedemos a resolver sin el beneficio de su comparecencia, no sin antes exponer la normativa jurídica aplicable.

-II-

El vehículo procesal de *certiorari* le permite a un tribunal de mayor jerarquía revisar las órdenes o resoluciones interlocutorias emitidas por un tribunal inferior. Rivera *et al.* v. Arcos Dorados *et al.*, 212 DPR 194, 195 (2023) (citando a McNeil Healthcare v. Mun. Las Piedras I, 206 DPR 391, 403 (2021)). La característica distintiva del recurso de *certiorari* descansa en la discreción encomendada al Tribunal de Apelaciones para autorizar su expedición y adjudicar en sus méritos. *Íd.* De ordinario, la discreción consiste en "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera." Medina Nazario v. McNeil Healthcare LLC, 194 DPR 723, 729 (2016). Empero, el ejercicio de la discreción concedida "no implica la potestad de actuar arbitrariamente, en una u otra forma, haciendo abstracción del resto del derecho." *Íd.*

Ahora bien, en los procesos civiles, los preceptos que regulan la expedición de un auto de *certiorari* se encuentran en la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1. Rivera *et al.* v. Arcos Dorados *et al.*, *supra*, a las págs. 207-208. Sobre ello, la referida regla dispone, en lo pertinente, lo siguiente:

> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se

---

[17] SUMAC TA, Entrada Núm. 4.

recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión. Regla 52.1 de Procedimiento Civil, *supra*.

Como se aprecia, la antedicha regla no contempla los dictámenes posteriores a la sentencia, por lo que, al determinar si procede la expedición de una petición de *certiorari*, el Tribunal de Apelaciones viene obligado a acudir a lo dispuesto en la Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Apob. Enmdas. Reglamento TA*, 2025 TSPR 42, 215 DPR ___ (2025). BPPR v. SLG Gómez-López, 213 DPR 314 (2023); IG Builders *et al.* v. BBVAPR, 185 DPR 307, 339 (2012). Ello por cuanto limitar la revisión de dictámenes post sentencia a las disposiciones de la Regla 52.1, *supra*, tales determinaciones quedarían sin posibilidad alguna de revisión apelativa. BPPR v. SLG Gómez-López, *supra*. En adición, el examen para determinar si procede expedir un auto de *certiorari* no se da en el vacío o en ausencia de otros parámetros. Torres González v. Zaragoza Meléndez, 211 DPR 821, 824 (2023).

A esos efectos, la Regla 40 de nuestro Reglamento, *supra*, dispone lo siguiente:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. 4 LPRA Ap. XXII-B, R. 40.

Sin embargo, ninguno de los mencionados criterios es determinante, por sí solo, para este ejercicio, como tampoco constituye un listado exhaustivo. García v. Padró, 165 DPR 324, 327 (2005).

De otra parte, estos factores pautan el ejercicio sabio y prudente de la facultad discrecional judicial. Mun. de Caguas v. JRO Construction, 201 DPR 703, 712 (2019).

Expuesta la normativa jurídica aplicable, procedemos a disponer del presente recurso.

-III-

En el presente asunto, el Consejo de Titulares recurre de la *Resolución* dictada por el TPI mediante la cual denegó su solicitud de que se ordenara la venta judicial del apartamento de la señora Ribas Castro y, de esa forma, ejecutar la sentencia de cobro de dinero dictada. Sostiene su inconformidad, aun cuando el foro recurrido expresamente estableció que el petitorio de los peticionarios no era la única forma disponible que tenían para cobrar la sentencia emitida a su favor. Estableciéndose, claramente en la *Resolución* recurrida, que la parte peticionaria tiene varias opciones para poder ejecutar la Sentencia, como, el realizar un descubrimiento de prueba de los activos de la señora Ribas Castro, entre otros.

Sin embargo, habiendo examinado la totalidad del legajo apelativo, no encontramos que el foro primario haya errado y, consecuentemente, tengamos que intervenir con su dictamen. Más bien, somos del criterio que el foro *a quo* adjudicó correctamente el asunto, conforme a la normativa jurídica aplicable.

Nótese que la Ley de Hogar Seguro, *supra*, específicamente reconoce el derecho de un individuo domiciliado en Puerto Rico a "poseer y disfrutar, en concepto de hogar seguro, una finca consistente en un predio de terreno y la estructura enclavada en el mismo, **o una residencia bajo el régimen de la Ley de Condominios**[.] . . ." 31 LPRA sec. 1858 (énfasis nuestro). Asimismo, la referida ley enumera taxativamente las excepciones al derecho de hogar seguro y no abarca alguna de ellas a los regímenes de propiedad horizontal. 31 LPRA sec. 1858a.

Igualmente, no identificamos presente alguno de los factores enunciados en las Regla 40 de nuestro Reglamento, *supra*, para determinar la expedición del auto de *certiorari*. En ese sentido, reiteramos que la decisión recurrida no es contraria a Derecho, y no encontramos que en esta haya mediado prejuicio o parcialidad por parte del foro primario, o que la expedición el auto evite el fracaso de la justicia, o cualquiera de los otros elementos mencionados en la referida regla. En consecuencia, declinamos intervenir con el dictamen recurrido.

Conforme adelantamos, procede denegar el auto de *certiorari* solicitado.

-IV-

Por los fundamentos previamente expuestos, **denegamos** expedir el auto de *certiorari*.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones